## THE STATE *versus* PETER FLETCHER.

Whenever a statute prohibits any matter of public grievance to the liberty and security of the people, or commands a matter of convenience, without enacting any penalty for disobeying its prohibitions or commands, those who violate its provisions, may be prosecuted by indictment and punished by fine.

It is an indictable offence, under the statute, to exercise the business of a taverner without a license.

THIS was an indictment, alleging that Fletcher, on the 13th February, 1829, at Alstead, in this county, with force and arms, " did exercise the business of a taverner without a license therefor in writing, first had and obtained from the selectmen of the said town of Alstead, of which said town of Alstead, he, the said Peter, then and there was an inhabitant, and in which same town of Alstead, he, the said Peter Fletcher then resided, contrary to the form of the statute, &c."

Fletcher having appeared, and pleaded that he would not contend with the State, his counsel moved in arrest of judgment.

*H. Hubbard*, for the respondent.

*Sullivan*, Attorney General, for the State.

*By the court.* This indictment is founded upon the statute of July 7, 1827. But it is clear, that it cannot be supported upon that clause in the first section of that statute, which declares, that if any person shall, without license from the selectmen of the town where he resides, sell any wine, rum, gin, brandy, or other spirits, in any less quantity than a gallon, or sell any mixed liquor, any

part of which is spirituous, he shall forfeit a sum not exceeding fifty dollars, nor less than twenty dollars ; because the offence alleged in this indictment is, not that the defendant sold spirits in less quantity than a gallon, nor that he sold mixed liquors, but that he exercised the business of a taverner, without license. It is the business of a taverner to provide food, drink, lodging and other accommodations for his guests, but this business may be exercised without selling spirits or wine in small quantities, and the sale of mixed liquors is, without doubt, a part of the common business of taverners ; but it is not necessarily so. It is therefore clear, we think, that when this defendant admits that he is guilty, as charged in the indictment, of exercising the business of a taverner without license, we are not at liberty to understand this as an admission that he is guilty of selling spirits, or wine, or mixed liquor, illegally, and to sentence him to pay the penalty prescribed by the statute for that offence. When that penalty is sought to be recovered, the commission of the specific acts, upon which the forfeiture is laid, must be alleged in the indictment.

But there is another clause in the statute, which provides, "that it shall be unlawful for any person to exercise the business of a taverner, &c. without license." And it is declared that the selectmen of any town, on application, may license any person of good moral character, to exercise the business of a taverner in such town, on the receipt for the use of the town, of a sum not exceeding five, nor less than two dollars. And the question is, whether the indictment can be sustained upon these clauses in the statute ? There is no doubt that these clauses in the statute were intended by the legislature to prohibit the exercise of the business of a taverner without a license. And although no penalty is enacted by the statute for any disobedience to its provisions, in this respect, yet still it is settled that such disobedience is an indictable offence. The rule is, that wherever a

statute prohibits a matter of public grievance to the liberty and security of the people, or commands a matter of public convenience, without enacting any penalty for disobeying its prohibitions or commands, an offender against such statute is punishable by way of indictment for his contempt of its enactments, and may be sentenced to pay a fine for his offence. Hawkins, P. C. book 2, chap. 25, sec. 4 ; 1 Burr. 543, *Rex* v. *Wright*; 4 D. & E. 202, *The King* v. *Harris*; 2 Burr. 799, *Rex* v. *Robinson*.

*Motion overruled.*