Grafton
No. 79-354

## CITY OF LEBANON

v.

## A. STORRS TOWNSEND

December 22, 1980

*Decato & Cirone*, of Lebanon (*R. Peter Decato* orally), for the plaintiff.

*McNamara & Larsen*, of Lebanon (*Marilyn B. McNamara* orally), for the defendant.

■ BOIS, J. The issue presented in this case is whether a person who has not applied for a municipal business license may, in a 1979 civil contempt proceeding to enforce a court order entered against him in 1971, challenge the constitutionality of an ordinance relating to the procedure for obtaining that license. We hold that he does not have standing to make that challenge.

The defendant, A. Storrs Townsend, has operated the same business within the City of Lebanon for more than thirty years. On June 1, 1965, the city enacted Ordinance 22, which it amended on August 2, 1965, and re-enacted on October 18, 1978. The ordinance prohibits anyone from maintaining or operating a junkyard within the city limits without first obtaining a license from the city manager or city council and sets forth the procedure for obtaining the license. The defendant refuses to apply for a license.

On December 22, 1971, the superior court, in an equity action brought by the city against Mr. Townsend, found that the defendant was operating a junkyard in violation of Ordinance 22 and ordered him to comply with the ordinance. In another action brought against him by the city, the Lebanon District Court, on September 11, 1978, also found that the defendant was in violation of the ordinance and ordered him to remove all junk from his premises within 60 days. Furthermore, between April and September of 1979, the city filed 154 complaints with the Lebanon District Court, charging the defendant with operating a junkyard in violation of Ordinance 22. The district court, after two separate hearings, found the defendant guilty of violating Ordinance 22 and fined him a total of $3,175. The defendant appealed from these convictions to the superior court for a trial de novo.

Shortly thereafter, the city filed a petition for capias and for a finding of contempt in the superior court, alleging that the defendant had failed to comply with the December 22, 1971, court order. The superior court held a hearing on September 26, 1979, at which the parties agreed to consolidate a number of the appeals from the district court. The parties also stipulated that "if the city prevails on its petition for capias . . . it will prevail on the 154 appeals." The Court (*Johnson*, J.) held as a matter of fact and law that the defendant does operate a junkyard, reaffirmed the defendant's convictions for violating Ordinance 22, and found the

defendant in contempt of court for failing to abide by the 1971 court order. The superior court ordered the defendant to pay the full amount of the fines levied by the district court and to remove the junk from his premises. The superior court also ruled that by following these directives the defendant could purge himself of the contempt.

The defendant appeals the finding of contempt but does not contest the factual findings of the superior court. He does not question the jurisdiction of the court, *see Latrobe Steel Co. v. United Sheetworkers*, 545 F.2d 1336 (3d Cir. 1976), or its authority to issue the 1971 order, *see ITT Community Dev. Corp. v. Barton*, 569 F.2d 1351 (5th Cir. 1978). He does not challenge the authority of the City of Lebanon to exercise its police power to regulate the use of property within the city limits, *see State v. Cohen*, 73 N.H. 543, 63 A. 928 (1906), the reasonableness of requiring a license as a condition to operating a junkyard, *see Lachapelle v. Goffstown*, 107 N.H. 485, 225 A.2d 624 (1967), or the reasonableness of imposing fines to force compliance with the ordinance, *see State v. Fletcher*, 5 N.H. 257 (1830). He asks us to excuse his past disobedience if, as he now alleges, the ordinance underlying the court order is unconstitutional.

The defendant argues that the procedure for obtaining a license as set forth in Ordinance 22 is so lacking in due process as to render the entire ordinance unconstitutional and thereby unenforceable against him. He asserts that the licensing procedure does not insure adequate notice of a hearing, does not provide adequate opportunity to prepare for a hearing, does not delineate sufficient standards and, in short, is filled with the potential for arbitrariness and capriciousness. The defendant, however, has never applied for a license. The defendant merely speculates that the alleged harm will be realized.

■ We will not invalidate an ordinance based on a mere conjecture that the city will either interpret or administer the ordinance in a manner detrimental to the constitutional rights of the defendant. *See Bliss Excavating Co. v. Luzerne County*, 418 Pa. 446, 211 A.2d 532 (1965); *Robins v. County of Los Angeles*, 248 Cal. App. 2d 1, 56 Cal. Rptr. 853 (1966).

■ In a coercive civil contempt proceeding, the general rule is that a court will not reconsider the legal or factual justification for the order alleged to have been disobeyed. *Maggio v. Zeitz*, 333 U.S. 56, 69 (1948); *Morgan v. Kerrigan*, 509 F.2d 618, 620 (1st Cir. 1975). The underlying action out of which the contempt charge

arose is separate and distinct from the contempt proceeding. *See State v. Towle,* 42 N.H. 540, 544 (1861). Accordingly, once a court having jurisdiction over the subject matter and the parties renders a final order within its authority, that order "becomes *res judicata* and not subject to collateral attack in the contempt proceedings." *Maggio v. Zeitz, supra* at 68; *State v. Linsky,* 117 N.H. 866, 876–77, 379 A.2d 813, 819 (1977).

■ An individual subject to a court order must obey that order until it is reversed on direct appeal, stayed or dissolved by the court, regardless of how constitutionally suspect the ordinance upon which it is based may be. *Walker v. City of Birmingham,* 388 U.S. 307 (1967); *United States v. United Mine Workers,* 330 U.S. 258, 293–94 (1947). The defendant herein never sought reversal of the 1971 court order by direct appeal, and the order may not be attacked collaterally. Accordingly, the defendant has no standing, in his appeal from the contempt proceeding, validly to claim that the court erroneously issued the order of December 22, 1971.

In view of the fact that the defendant has presented no questions which he has standing to raise, the judgment of the superior court is

*Affirmed.*

All concurred.