HARTFORD FEDERAL SAVINGS AND LOAN ASSOCIATION
*v.* STANLEY V. TUCKER
(10723)
(10724)
(10725)

SPEZIALE, C. J., PETERS, SPONZO, PICKETT and MENT, Js.

1

Argued November 9, 1983—decision released January 3, 1984

*Stanley V. Tucker,* pro se, the appellant (defendant).
*Robert B. Basine,* for the appellee (plaintiff).

PETERS, J. This appeal challenges the validity of an order holding the defendant in civil contempt for collecting rental payments in violation of a rent receivership. The plaintiff, Hartford Federal Savings and Loan

Association, brought mortgage foreclosure proceedings concerning four properties in Hartford against the defendant, Stanley V. Tucker. In conjunction with these proceedings, after a hearing, the trial court granted the plaintiff's written motion for the appointment of a rent receiver. Upon a finding, again after a hearing, that the defendant was continuing to collect rents in violation of the authority of the appointed rent receiver, the defendant was held in contempt. The defendant has appealed.

The defendant's appeal has raised a great number of issues, some of which are collateral to his appeal from the order holding him in contempt. It is useful, therefore, to clarify what issues are properly before us at this time.

The defendant's challenge to the constitutionality of the procedures by which a rent receiver was appointed is not properly here. Standing by itself, an appointment of a receiver is an interlocutory order, not appealable until there has been a final judgment. *Young* v. *Polish Loan & Industrial Corporation,* 126 Conn. 714, 715, 11 A.2d 395 (1940). The receivership does not become immediately appealable because the defendant chose to disobey it. Furthermore, in an appeal from a judgment of civil contempt, "our review is technically limited to 'questions of jurisdiction, such as whether the court had authority to impose the punishment inflicted and whether the act or acts for which the penalty was imposed could constitute a contempt.' " *Papa* v. *New Haven Federation of Teachers,* 186 Conn. 725, 731, 444 A.2d 196 (1982), quoting *State* v. *Jackson,* 147 Conn. 167, 170, 158 A.2d 166 (1960). This limited review precludes a collateral attack on the validity of the underlying order, including an attack on its constitutionality. See *City of Lebanon* v. *Townsend,* 120 N.H. 836, 838–39, 424 A.2d 201 (1980); *Borozny* v. *Paine,* 122 R.I. 701, 706, 411 A.2d 304 (1980).

In *Papa* v. *New Haven Federation of Teachers,* supra, we did reach the merits of the defendants' constitutional attack on a temporary labor injunction after balancing "the trial court's need for immediate and effective contempt power" against "the contemnor[s'] fundamental rights," including their right to secure a timely review of their constitutional claims. See *Papa* v. *New Haven Federation of Teachers,* supra, 731–32. The temporary injunction at issue in *Papa,* like the receivership order at issue in this case, was not an appealable final judgment. Unlike the receivership order in this case, however, the temporary injunction in *Papa* was issued in the context of a labor dispute in which there were no other pending judicial proceedings in which the defendants could assert their constitutional claims. As noted above, the receivership challenged on this appeal is ancillary to mortgage foreclosure proceedings. An appeal from the final judgment of foreclosure will provide the defendant with an adequate opportunity to litigate his constitutional claims. Therefore, this case, unlike *Papa,* does not present any compelling reason to deviate from the general rule that "[a]n injunction duly issuing . . . must be obeyed . . . however erroneous the action of the court may be, even if the error be in the assumption of the validity of a seeming but void law going to the merits of the case." *Howat* v. *Kansas,* 258 U.S. 181, 189–90, 42 S. Ct. 277, 66 L. Ed. 550 (1922); *W.R. Grace & Co.* v. *Local Union 759,* 461 U.S. 757, 766, 103 S. Ct. 2177, 76 L. Ed. 2d 298 (1983); *Walker* v. *City of Birmingham,* 388 U.S. 307, 313–14, 87 S. Ct. 1824, 18 L. Ed. 2d 1210, reh. denied, 389 U.S. 894, 88 S. Ct. 12, 19 L. Ed. 2d 202 (1967).

The defendant's constitutional complaint addressed to the receivership does not escape the general interdiction against collateral attacks merely because the

defendant characterizes his constitutional attack as a challenge to the trial court's subject matter jurisdiction. The defendant appears to concede that the trial court had the competency to adjudicate his constitutional challenge. Under such circumstances, the court did not lack subject matter jurisdiction. *Connecticut Pharmaceutical Assn., Inc.* v. *Milano*, 191 Conn. 555, 559, 468 A.2d 1230 (1983); *State* v. *Malkowski*, 189 Conn. 101, 105–106, 454 A.2d 275 (1983).

Because the order appointing the rent receiver was not immediately appealable, the defendant's claim to a stay of the receivership pending an appeal is untenable. The trial court lacked the jurisdiction to issue a stay of an unappealable order. There is, therefore, nothing for us to review with regard to the defendant's claim that the trial court, *Corrigan, J.*, erroneously refused to enforce the automatic stay of Practice Book § 3065. For similar reasons, there can be no current review of the order of the trial court, *Brennan, J.*, denying the defendant's motion to terminate payments to the rent receiver. A ruling concerning the propriety of the rent receiver's conduct of the receivership is as interlocutory as is his initial appointment. Review of that ruling must await an appeal from the final judgment of foreclosure.

What is before us is limited to issues directly related to the order of civil contempt against the defendant. The defendant argues that this order was erroneous because (1) the receivership was stayed by his timely appeal, on July 5, 1979, from judgments of foreclosure rendered on April 20, 1979; (2) the trial court judge, *N. O'Neill, J.*, should have disqualified himself; (3) the trial court exceeded its power in setting an appeal bond of $5000; (4) the motion for contempt was improperly served upon him; and (5) the contempt order fixed an

amount of withheld rental payments that was improperly calculated. We will consider these issues seriatim. We find no error.

The defendant's principal jurisdictional argument is that he could not be held in contempt of a receivership on May 12, 1980, when at that time he was pursuing an appeal to this court from judgments of foreclosure in which he was contesting the validity of the receivership. The underlying facts are consistent with the defendant's argument. His appeal, on July 5, 1979, clearly antedated the contempt proceedings on May 12, 1980. This court did not decide *Hartford Federal Savings & Loan Assn.* v. *Tucker,* 181 Conn. 607, 436 A.2d 1259 (1980) *(Tucker I),* until July 29, 1980. Our opinion in that case clearly indicates that the appeal raised issues about the constitutionality of the receivership. As we have said above, the appeal from judgments of foreclosure is the appropriate time for review of receivership issues. The defendant properly raised this jurisdictional challenge to the plaintiff's motion for contempt by filing in the trial court a motion to dismiss premised on the applicability of the automatic stay provisions of Practice Book § 3065.

Whether appeal of a foreclosure acts automatically to stay a rent receivership is an issue of first impression for this court. We hold that there is no automatic stay. The automatic stay provided by Practice Book § 3065 is, in terms, limited to "proceedings to enforce or carry out the judgment." In the context of foreclosures, we have held that this language precludes, while an appeal is pending, implementation of the foreclosure by modification of the judgment to authorize a public sale, and by the sale itself. *Hartford National Bank & Trust Co.* v. *Tucker,* 181 Conn. 296, 298, 435 A.2d 350, cert. denied, 449 U.S. 956, 101 S. Ct. 363, 66 L. Ed. 2d 221 (1980). A receivership, however, does

not itself "enforce or carry out the judgment." The purpose of a receivership, ordinarily, is to preserve and protect property pending the outcome of litigation. See *Lichens Co.* v. *Standard Commercial Tobacco Co.*, 28 Del. Ch. 220, 228, 40 A.2d 447 (1944); *Brown* v. *Brown*, 204 Md. 197, 210–11, 103 A.2d 856 (1954). Although a receivership takes designated funds out of the control of the mortgagor, it does not vest their control in the foreclosing mortgagee, who "has no claim upon the income and profit in [the receiver's] hands as such"; since the funds are legally in the possession of the court subject to whatever disposition it may order. *Desiderio* v. *Iadonisi*, 115 Conn. 652, 655, 163 A. 254 (1932). Functionally, therefore, a receivership more closely resembles a prejudgment order than a proceeding enforcing a judgment. Prejudgment orders are, by virtue of General Statutes § 52-278*l* (c), not "stayed by the taking of an appeal except upon the order of the judge" who granted the prejudgment remedy. Similarly, injunctions continue in effect pending appeal unless the trial court, upon application, orders their stay. General Statutes § 52-477. For these reasons, we conclude that the trial court continued to have jurisdiction to enforce the receivership during the appeal of the underlying foreclosures to this court.

The defendant's next claim of error is that the trial court should not have held him in contempt because he had filed a motion to disqualify the trial court judge for bias. Although denial of a motion to disqualify is, in and of itself, an interlocutory order; *In re Corrugated Container Antitrust Litigation*, 614 F.2d 958, 960–61 (5th Cir. 1980); *United States* v. *State of Washington*, 573 F.2d 1121, 1122 (9th Cir. 1978); *Rosen* v. *Sugarman*, 357 F.2d 794, 796 (2d Cir. 1966); *Rogers* v. *Wilkins*, 275 S.C. 28, 29–30, 267 S.E.2d 86 (1980); denial of such a motion is appealable in conjunction with

the appeal of a final order such as an order of contempt. *Papa* v. *New Haven Federation of Teachers,* 186 Conn. 725, 740, 444 A.2d 196 (1982). Although this claim is therefore procedurally appropriate, it lacks substantive merit. The fact that a trial court has ruled adversely to the defendant, even if some of those rulings have been determined on appeal to be erroneous, does not demonstrate personal bias. The defendant has pointed to no other conduct of the trial judge that would support his claim. See *Burritt Mutual Savings Bank of New Britain* v. *Tucker,* 183 Conn. 369, 382, 439 A.2d 396 (1981).

The defendant claims that the trial court had no power to order a bond for appeal from the contempt in the amount of $5000 when Practice Book § 3014 provides for an appeal bond of only $500. This claim should have been brought to this court by a motion for review pursuant to Practice Book § 3107. Under that section, "[t]he supreme court may, on written motion for review stating the grounds for the relief sought . . . modify or vacate any order denying or fixing the amount of bail." In the absence of a timely motion for review, we decline to consider this claim.

The defendant claims that the order of contempt was procedurally flawed because of noncompliance with the provisions of General Statutes §§ 52-46 and 52-57. The defendant was served with the motion for the order of contempt on May 6, 1980, and was held in contempt on May 12, 1980. He claims that this speedy hearing violated § 52-46 which provides that "[c]ivil process . . . if returnable to the superior court, [shall be served] at least twelve days, inclusive, before [the day of the sitting of the court.]" We agree with the plaintiff that this statute deals with the service of complaints and not with contempt citations ancillary to ongoing receivership proceedings. The defendant claims that

the contempt citation was fatally flawed because he received only one copy, even though there were three underlying foreclosure actions. In this case, in which the foreclosure actions had, on the defendant's own motion, been consolidated for appeal, any deviation from the requirement of § 52-57 that process shall be served "by leaving a true and attested copy" is at most technical. Without evidence that this claim was pressed in the trial court, it must be deemed to have been waived. See *General Dynamics Corporation* v. *Groton,* 184 Conn. 483, 492–94, 440 A.2d 185 (1981).

Finally, the defendant claims that the contempt order exceeded proper jurisdictional bounds because it held him in contempt for receipt of rentals outside of, or prior to, the order appointing the rent receiver. We have no way of evaluating this claim of error which is unsubstantiated by any specific reference to the underlying record. An appellant who wishes to challenge a decision of the trial court as clearly erroneous "in view of the evidence and pleadings in the whole record"; Practice Book § 3060D; must buttress his claim "by appropriate references to the page or pages of the record or transcript" upon which he relies. Practice Book § 3060F (b). We cannot, as the defendant urges, take judicial notice of unspecified exhibits, since their relevance and probative value was, in the first instance, a question for the trial court. We cannot rule on this claim in the form in which the defendant has presented it to us.

There is no error.

In this opinion the other judges concurred.