BLESSO FIRE SYSTEMS, INC. *v.* EASTERN CONNECTICUT STATE UNIVERSITY ET AL.
(SC 15830)

Borden, Berdon, Norcott, Katz and Palmer, Js.

Argued May 26—officially released July 7, 1998

*Michael J. Barnaby*, for the appellant (plaintiff).

*Laurie A. Deane*, assistant attorney general, with whom were *George E. Finlayson*, assistant attorney general, and, on the brief, *Richard Blumenthal*, attorney general, and *Bernard F. McGovern, Jr.*, assistant attorney general, for the appellees (named defendant et al.).

*Steven B. Kaplan*, with whom was *Christopher W. Huck*, for the appellee (defendant Simplex Time Recorder Company).

*Opinion*

PER CURIAM. This case involves public bids for a contract for the purchase of a fire alarm system by the named defendant Eastern Connecticut State University (university). In this action for injunctive relief and a writ of mandamus, the plaintiff, Blesso Fire Systems, Inc., appeals[1] from the judgment of the trial court dismissing the action for lack of subject matter jurisdiction. The plaintiff claims that the trial court improperly dismissed the action because: (1) the court had the inherent equitable power to issue an injunction and a writ of mandamus under the facts of the case; (2) two of the defendants, namely, the university and the Connecticut department of public works (department), failed to respond timely to the plaintiff's petition for administrative review of the awarding of the contract to the defendant Simplex Time Recorder Company (Simplex); (3) the plaintiff was entitled to a temporary injunction; and (4) the administrative review procedures set forth in §§ 4b-100-1 through 4b-100-10 of the Regulations of Connecticut State Agencies are facially unconstitutional. Because the case is moot, we dismiss the appeal.

The following facts are undisputed. On July 27, 1997, the university, which is part of the state system of higher education, solicited bids for a fire alarm system for certain buildings. In the bid proposal documents, the university specifically "reserve[d] the right to reject any or all bids and to accept a bid in greater compliance with the materials, labor, and methods defined in this specification." The plaintiff submitted a lump sum bid in the amount of $56,900, accompanied by unit prices

---

[1] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023, now Practice Book (1998 Rev.) § 65-1, and General Statutes § 51-199 (c).

for components of the alarm system, and Simplex submitted a lump sum bid in the amount of $56,283, without any unit prices. In late August, 1997, the university awarded the contract to Simplex, purportedly pursuant to General Statutes § 4b-91 (a),[2] which requires the

[2] General Statutes § 4b-91 provides: "Bidding for public building contracts. Exception. (a) Every contract for the construction, reconstruction, alteration, remodeling, repair or demolition of any public building for work by the state, which is estimated to cost more than two hundred fifty thousand dollars, except (1) a contract awarded by the Commissioner of Public Works for (A) an emergency correctional facility project, as defined in subsection (d) of section 4b-55, or (B) the University of Connecticut library project, or (2) a project, as defined in subdivision (15) of section 10a-109c, undertaken and controlled by The University of Connecticut in accordance with section 10a-109n, shall be awarded to the lowest responsible and qualified general bidder on the basis of competitive bids in accordance with the procedures set forth in this chapter, after the Commissioner of Public Works or, in the case of a contract for the construction of or work on a building under the supervision and control of the Joint Committee on Legislative Management of the General Assembly, the joint committee or, in the case of a contract for the construction of or work on a building under the supervision and control of one of the constituent units of the state system of higher education, the constituent unit, has invited such bids by advertisements inserted at least once in one or more newspapers having a circulation in each county in the state. The Commissioner of Public Works, the joint committee or the constituent unit, as the case may be, shall determine the manner of submission and the conditions and requirements of such bids, and the time within which the bids shall be submitted, consistent with the provisions of sections 4b-91 to 4b-96, inclusive. Such award shall be made within sixty days after the opening of such bids. If the general bidder selected as the general contractor fails to perform his agreement to execute a contract in accordance with the terms of his general bid and furnish a performance bond and also a labor and materials or payment bond to the amount specified in the general bid form, an award shall be made to the next lowest responsible and qualified general bidder. If the lowest responsible and qualified bidder's price submitted is in excess of funds available to make an award, the Commissioner of Public Works, the Joint Committee on Legislative Management or the constituent unit, as the case may be, is empowered to negotiate with such bidder and award the contract on the basis of the funds available, without change in the contract specifications, plans and other requirements. If the award of a contract on said basis is refused by such bidder, the Commissioner of Public Works, the Joint Committee on Legislative Management or the constituent unit, as the case may be, may, if he or it deems it advisable, negotiate with other contractors who submitted bids in ascending order of bid prices without change in the contract, specifications, plans and other

award of certain public contracts to "the lowest responsible and qualified general bidder on the basis of competitive bids in accordance with the procedures set forth in" chapter 60 of the General Statutes. On or about September 3, 1997, the plaintiff filed a bid protest with the department against the university pursuant to General Statutes § 4b-100,[3] claiming that the award of the contract to Simplex was invalid because the bid solicitation had required unit prices and the bid submitted by Simplex had not contained any such unit prices. The plaintiff claimed that, as a consequence, the contract must be awarded to it as the lowest responsible and qualified bidder. Almost simultaneously, on September 4, 1997, the plaintiff filed this action in the trial court, based on the same allegations, seeking to enjoin performance of the contract between the university and Simplex, rescission of the contract, and an award of the contract to the plaintiff. Simultaneously with the filing of this action, the university, acknowledging the confusion regarding the bidding requirements, terminated its

requirements. In the event of negotiation with general bidders as provided herein, the general bidder involved may negotiate with subcontractors on the same basis, provided such general bidder shall negotiate only with subcontractors named on his general bid form.

"(b) Notwithstanding the provisions of this chapter regarding competitive bidding procedures, the commissioner may select and interview at least three responsible and qualified general contractors, and may negotiate with any one of such contractors a contract which is both fair and reasonable to the state for an emergency correctional facility project, as defined in subsection (d) of section 4b-55, or the University of Connecticut library project, as defined in subsection (e) of said section. Any general contractor awarded a contract pursuant to this subsection shall be subject to the same requirements concerning the furnishing of bonds as a contractor awarded a contract pursuant to subsection (a) of this section."

[3] General Statutes § 4b-100 provides: "Regulations re alleged violations of this part. The Commissioner of Public Works shall adopt regulations in accordance with the provisions of chapter 54, establishing a procedure for promptly hearing and ruling on claims alleging a violation or violations of sections 4b-91 to 4b-100, inclusive. Such claims may be initiated by the Department of Public Works or any party whose financial interests may be affected by the decision on such a claim."

contract with Simplex. By letters dated September 12 and 16, 1997, to Simplex and the plaintiff, the university verified its contract termination and notified Simplex and the plaintiff that the bid specifications would be refined and the project rebid in the near future.

On September 18, 1997, Simplex moved to dismiss this action on the grounds that the plaintiff had failed to exhaust the administrative bid protest procedures, and that the action was moot because the university had terminated the Simplex contract and had determined to put the project out for rebid. On September 24, 1997, the university and the department also moved to dismiss the action. On October 2, 1997, the trial court granted both motions to dismiss, and rendered judgment dismissing the action. This appeal followed on October 15, 1997.

Meanwhile, on October 21, 1997, the university put the project out to be rebid. Simplex submitted a lump sum proposal in the amount of $35,000, the plaintiff submitted a lump sum proposal in the amount of $37,998, and a third bidder submitted a lump sum proposal in the amount of $42,900. On November 7, 1997, Simplex was awarded the contract. The plaintiff has not filed a bid protest regarding that award and has not filed any action to challenge it.

It is axiomatic that when events have occurred that preclude an appellate court from granting any practical relief through a disposition on the merits, the case is moot and must be dismissed for lack of subject matter jurisdiction. See *In re Romance M.*, 229 Conn. 345, 357, 641 A.2d 378 (1994). This is such a case.

The plaintiff's claims for an injunction against the first contract awarded to Simplex and for rescission of that contract, in effect, have already been satisfied by the action of the university in terminating that contract. Similarly, the plaintiff's extraordinary claim for a writ

of mandamus commanding that the contract be awarded to it has been wholly overtaken by the rebid of that contract and its subsequent unchallenged award to Simplex. The plaintiff offers no argument or authority for the even more extraordinary proposition that the trial court could: (1) within the context of a mandamus action directed at one contract, nullify an unchallenged contractual award based on the rebid of the same contract; or (2) if the second contract were not nullified, require the university to enter into *two* contracts for the same work.

The appeal is dismissed.