## CITY OF MIDDLETOWN ET AL. *v.*
## P & G ENTERPRISES LIMITED
## PARTNERSHIP ET AL.

Superior Court       Judicial District of       File No. CV970081557S
                            Middlesex

Memorandum filed July 13, 1998

*Brown, Welsh & Votre*, for the plaintiffs.

*Weinstein & Wisser*, for the named defendant.

*Brown, Welsh & Votre*, for the defendant SKW Real Estate Limited Partnership.

FINEBERG, J. The matters before the court concern the motion as amended of the named defendant, P & G Enterprises Limited Partnership (Enterprises), to open the judgment and to dismiss the entire action, as well as the motion of the defendant encumbrancer, SKW

Real Estate Limited Partnership (Limited), to be substituted as the party plaintiff. This is a case of first impression, the issues raised by the motion to dismiss apparently not having been the subject of any previous appellate or trial court ruling.

This is a tax foreclosure action brought by the named plaintiff, the city of Middletown (city), and the plaintiff, the Westfield fire district (district), to foreclose liens for unpaid real estate taxes. The duly scheduled hearing on the plaintiffs' motions for judgment was held on November 10, 1997. Enterprises did not appear. The court, *Fineberg, J.*, found an indebtedness to the city of $156,797.65 plus a $1500 appraisal fee and a $150 title search fee, and an indebtedness to the district of $9039.63 plus $750 in attorney's fees. A judgment of strict foreclosure entered accordingly, the law dates commencing December 15, 1997.

Pursuant to its motion filed on December 11, 1997, and heard on December 15, 1997, Enterprises appeared with counsel and requested a six month extension of the commencement of the law dates on the ground that its principal was negotiating with third parties for a sale of the property. Although Enterprises presented no credible evidence in support of its claim, the court, *Fineberg, J.*, extended the commencement of the law dates to January 12, 1998. Enterprises appealed. The appeal is still pending in the Appellate Court.[1]

In the interim, both the city and the district assigned their respective tax lien interests to Limited, the defendant encumbrancer. Enterprises then filed its motions to dismiss, asserting that the assignee, Limited, is not entitled to maintain this municipal tax foreclosure action on the ground that General Statutes § 12-195h

---

[1] The appeal was filed December 31, 1997; Appellate Court Docket No. AC 17961.

does not permit a private party assignee to maintain a municipal tax foreclosure action brought under General Statutes § 12-181.

The motion to dismiss is the proper motion to assert lack of subject matter jurisdiction. Practice Book (1998 Rev.) § 10-31, formerly § 143. Subject matter jurisdiction cannot be created through waiver or consent. Practice Book (1998 Rev.) § 10-33, formerly § 145; *Castro* v. *Viera*, 207 Conn. 420, 429–30, 541 A.2d 1216 (1988). Once raised, it must be immediately acted upon by the court. *Gurliacci* v. *Mayer*, 218 Conn. 531, 545, 590 A.2d 914 (1991). "[C]ognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." (Internal quotation marks omitted.) *Federal Deposit Ins. Corp.* v. *Peabody, N.E., Inc.*, 239 Conn. 93, 99, 680 A.2d 1321 (1996). "Standing is the legal right to set judicial machinery in motion. . . . If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause." (Citation omitted; internal quotation marks omitted.) *Tomlinson* v. *Board of Education*, 226 Conn. 704, 717, 629 A.2d 333 (1993).

As indicated, the court's ruling of December 15, 1997, is on appeal. The subject motions are not within the purview of the automatic stay set forth in Practice Book (1998 Rev.) § 61-11, formerly § 4046, respecting appeals of foreclosure judgments. That section is limited to "proceedings to enforce or carry out the judgment." These motions do not involve "implementation of the foreclosure." *Hartford Federal Savings & Loan Assn.* v. *Tucker*, 192 Conn. 1, 6, 469 A.2d 778 (1984).

The court will first consider Enterprises' motion to dismiss. Section 12-181 empowers a municipality to foreclose its tax liens upon real estate. The term "munic-

ipality" is defined in General Statutes § 12-141. That definition basically encompasses public bodies and does not include a private party such as Limited.

The substance of Enterprises' position is as follows: Section 12-181 creates a statutory cause of action for foreclosure of tax liens not otherwise available under common law or other foreclosure statutes. Only a municipality has standing to maintain such a foreclosure action. By reason of the assignments, the municipal plaintiffs no longer have an interest in the subject tax liens. Limited, a private party, has no standing to maintain an action commenced under § 12-181. Therefore, there no longer is any party plaintiff having standing to maintain the present action. Accordingly, contends Enterprises, the court has been deprived of subject matter jurisdiction, requiring the opening of the judgment and the dismissal of the action.

In support of its position, Enterprises relies on General Statutes § 12-195h. That section authorizes, under the conditions set forth therein, the sale and assignment by a municipality of its interest in tax liens upon real property. Enterprises focuses on the last two sentences of the statute, which provide that "[t]he assignee or assignees of such liens shall have and possess the same powers and rights at law or in equity as such municipality and municipality's tax collector would have had if the lien had not been assigned with regard to the precedence and priority of such lien, the accrual of interest and the fees and expenses of collection. The assignee shall have the same rights to enforce such liens as any private party holding a lien on real property." General Statutes § 12-195h.

Enterprises acknowledges that an assignee normally succeeds to the position of the assignor. It asserts, however, that the foregoing provisions do not empower

a private party to make use of § 12-181 in the enforcement of the assigned liens, as, in its view, the last sentence of § 12-195h makes clear that a private party assignee is limited to the enforcement rights under title 49 of the General Statutes available to a "private party holding a lien on real property." Accordingly, Enterprises asserts that a private party assignee cannot continue a pending tax lien foreclosure action commenced by the municipality assignor, no matter in what stage the proceeding may be, but must start all over again.

Enterprises asserts that its interpretation of §§ 12-181 and 12-195h is clear and unambiguous on the face of these statutes, so that there is no room for judicial construction. *Elliott* v. *Sears, Roebuck & Co.*, 229 Conn. 500, 508, 642 A.2d 709 (1994). The court disagrees.

A municipality, being a creature of the state, can exercise no powers except those which are expressly granted to it or are necessary to enable it to discharge the duties and carry into effect the objects and purposes of its creation. *Bredice* v. *Norwalk*, 152 Conn. 287, 292, 206 A.2d 433 (1964). There are numerous statutes empowering a municipality to take action which may result in litigation. These are empowerment statutes required as a matter of municipal law, and not statutory causes of action implicating subject matter jurisdiction.

Section 12-181 is such a statute. It authorizes one of several methods available to a municipality to collect delinquent property taxes. Other methods authorized by the General Statutes include: levy, General Statutes §§ 12-155 through 12-159; tax warrants, General Statutes § 12-135; a collection action, General Statutes § 12-161; and a summary foreclosure not requiring commencement of a judicial proceeding, General Statutes § 12-182 et seq.

That § 12-181 is merely a municipal empowerment statute and not a statutory cause of action is supported

by both the Practice Book and actual practice. Practice Book (1998 Rev.) § 10-3, formerly § 109A, requires that a pleading grounded on a statute must specify the statute by number. Such specification is neither required nor is it the practice in municipal tax lien foreclosure complaints.

A number of sections concern foreclosure procedures and requirements. Practice Book (1998 Rev.) § 10-70, formerly § 187, concerns matters to be alleged and proved in an action to foreclose a municipal tax lien. These matters basically involve the debt and the basis therefor, similar to the requirements in foreclosure of other liens. Practice Book § 10-70 has been in its present form since 1951. 1 W. Moller & W. Horton, Connecticut Practice Book Annotated (3d Ed. 1989) § 187, historical notes. It is noteworthy that, by its express language, Practice Book § 10-70 imposes these requirements upon the "plaintiff," and does not specifically use the word "municipality."

Other than allegations pertaining to the debt and the source thereof, and those peculiar to the particular action, such as property description and encumbrances, there is no distinction in form between actions to foreclosure municipal tax liens and actions to foreclose other liens. The foreclosure procedures are the same. *Voluntown* v. *Rytman*, 21 Conn. App. 275, 279, 573 A.2d 336, cert. denied, 215 Conn. 818, 576 A.2d 548 (1990).

Section 12-195h was enacted as part of the 1993 Public Acts, No. 93-434, effective June 30, 1993. The foregoing quoted provisions do not explicitly either authorize or deprive a private party assignee of the right to continue a tax lien foreclosure action then pending in the trial court. When the words of a statute fail to indicate clearly whether the provision applies in certain circumstances, statutory interpretation is undertaken in light of the statute's purpose, its legislative history and the

circumstances surrounding its enactment, as well as its language. *Board of Trustees* v. *Freedom of Information Commission*, 181 Conn. 544, 550, 436 A.2d 266 (1980). It must be presumed that the legislature intended to accomplish a reasonable and rational result. *Caltabiano* v. *Planning & Zoning Commission*, 211 Conn. 622, 667, 560 A.2d 975 (1989).

It is obvious that the legislature presumed an assignment to a private party, as it is unrealistic to contemplate the sale by one municipality of its tax liens to another municipality. That the quoted language, particularly the last sentence of § 12-195h, was intended to make clear that the assignee succeeded only to the assignor municipality's enforcement right empowered by § 12-181, and not to the municipality's other authorized collection methods, is evidenced by the questions and discussions of the relevant language during the enactment proceedings. See 36 H.R. Proc., Pt. 37, 1993 Sess., pp. 13,300–13,314, remarks of Representatives Peter A. Metz, Richard T. Mulready and William J. Varese.

It is a rule of statutory construction that the legislature does not intend to promulgate statutes that lead to absurd consequences or bizarre results. *State* v. *Siano*, 216 Conn. 273, 278, 579 A.2d 79 (1990). To interpret § 12-195h as mandating, upon an assignment to a private party, that an existing action be dismissed, whatsoever its then status, thereby requiring the assignee to start over again, would be such a bizarre result.

Moreover, the circumstances presented here do not involve a private party assignee's continuation of a pending tax lien foreclosure action prior to the entry therein of a judgment of foreclosure. In the present action, the indebtedness was determined and a judg-

ment of strict foreclosure entered on November 10, 1997, over five months prior to the subject assignments.

That foreclosure judgment was opened on December 15, 1997, solely for the purpose of extending the commencement of the law dates. Enterprises' appeal concerns only whether the court abused its discretion in not granting Enterprises' full six month extension request.[2] Whatever the ruling on appeal may be, this case will be remanded to the trial court for the limited purpose of setting new law dates. Nothing further remains to be done.

Subject matter jurisdiction is the power of the court to hear and to determine cases of the general class to which the proceedings in question belong. A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. *Figueroa* v. *C & S Ball Bearing*, 237 Conn. 1, 4, 675 A.2d 845 (1996). The court has the general authority to decide foreclosure cases. *Bridgeport* v. *Debek*, 22 Conn. App. 517, 520, 577 A.2d 1120, cert. dismissed, 216 Conn. 824, 582 A.2d 203 (1990). This is particularly so when judgment of foreclosure has already entered, and the only action remaining is the setting of new law dates. Id. The court has not lost subject matter jurisdiction by reason of the assignments.

Enterprises' amended motion to open the judgment and to dismiss this action is denied. Limited's motion to be substituted as the party plaintiff is granted.

---

[2] The six month extension period requested by Enterprises expired on June 15, 1998. Accordingly, the appeal may be subject to dismissal on the ground that no practical relief can result from a disposition on the merits. *Blesso Fire Systems, Inc.* v. *Eastern Connecticut State University*, 245 Conn. 252, 256, 713 A.2d 1283 (1998).