[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS
The plaintiff brings this action seeking temporary, preliminary and permanent injunctive relief against the defendants, Bestech Inc. of Connecticut (Bestech) and the Commissioner of Economic and Community Development (DECD).
There is a temporary restraining order in place.
 FACTS AND ALLEGATIONS OF COMPLAINT
On or about February 26, 1999, the Commissioner received bids for the demolition of a housing project known as Rice Heights, located in Hartford, Connecticut. The Commissioner rejected the two lowest bids, from Terry Contractor Mastoriai, Inc. ($2,494,000)and from Plaintiff ($2,694,309), for defects in their submissions. The Commission awarded the contract to the third lowest bidder, Bestech.
On March 17, 1999, William Crosskey, the project architect, notified all bidders that Bestech had been selected as the demolition contractor. On March 18, 1999, Mr. Crosskey informed Bestech that, according to the Connecticut Housing Finance Authority ("CHFA"), his letter of March 17, 1999 was premature, since CHFA had not yet completed its review of the bids.
On March 25, 1999, the Plaintiff brought the instant action. After this action was filed, the Commissioner, acting through Deputy Commissioner Timothy Coppage, reviewed the entire bid process and made the determination that it was in the State's best interest to reject all bids. Mr. Crosskey informed all bidders of this decision on March 31, 1999. Because of the rejection of all bids the Commissioner filed this motion based on mootness.
Associated's bid was accurate and proper in all respects.
Bestech's bid had defects in violation of statute and DECD's own regulations as found in the Instructions to Bidders and Bid Form promulgated in connection with the Contract. Associated promptly notified the DECD of the defects in Bestech's bid, and expressed Associated's intent to challenge the DECD's failure to award the Contract to Associated.
The DECD did not provide written notice to Associated explaining the specific grounds for rejection of Associated's CT Page 6160 bid. DECD reaffirmed its intent to proceed with the Bestech Contract.
Associated complied with state statutes, and with the DECD's failure to enforce its laws and regulations against Bestech, Associated was put at a competitive disadvantage in the process. Associated is ready, willing and able to execute and perform under the Contract.
After March 25, 1999, the Commissioner reviewed the entire bid process associated with the demolition of Rice Heights, and has now rejected all the bids and rebid the project. That decision was communicated by a letter from William W. Crosskey, the project architect, dated March 31, 1999 to all bidders. The bidding documents allow the Commissioner to reject any and all bids.
Due to the DECD's rescission of the award, the first item of Associated's requested relief has become moot. Associated has withdrawn its action against Bestech, and now seeks an order awarding the project to Associated and restraining and/or enjoining the re-bid.
The parties have agreed to the following:
"The parties have submitted to the Court true and accurate copies of the transcripts from the depositions of Mr. Bruce Parsons and Mr. William Crosskey. Mr. Parsons is the Senior Building Construction Specialist Supervisor with the DECD and represented the DECD in overseeing the Project. Mr. Crosskey is a principal of Crosskey Architects and was hired as an outside consultant to administer the Project. The plaintiff, Associated Building Wreckers, Inc., wishes to direct the Court's attention to the following transcript pages: Parsons 15-18, 23-24. The defendant, Commissioner of Economic and Community Development, wishes to direct the Court's attention to the following transcript pages: Parsons: 28-33, 37-46, 52-53, 59-64, 73, 75-80 and 112-114; Crosskey: 33-34, 41-54, 62-64, 66-75, 95-99 and 109-114."
They have also submitted the bid specifications.
The Commissioner also reserved the right to reject any or all CT Page 6161 bids in the invitation to bid in 00020-1 of the bid documents and in § 2.01E of those documents.
No legally binding determination was even made that Plaintiff was the "lowest responsible and qualified bidder."
 Law
Because the allegations of the complaint facially present a cause of action the court must approach this case based on the complaint and on other facts as submitted by the parties.
Where the municipality "reserves the right to reject any and all bids, no bidder can claim any contractual rights until he has been awarded the contract." Spiniello Construction Co. v.Manchester, 189 Conn. 539, 544. Plaintiff has not been awarded the contract upon which it bid.
In the event of such a rejection "an honest exercise of discretion by a municipality[1] . . . will not be disturbed by the courts so long as its officials observe good faith and accord all bidders just consideration in accordance with the purpose of competitive bidding." id 544. However [c]ourts will intervene . . . [but] only where fraud, corruption or favoritism has influenced the conduct of the bidding officials or when the very object and integrity of the bidding process is defeated by the municipal officials." id. 544.
The Plaintiff's claims here are not based on any allegations of fraud, corruption or favoritism that might have influenced the bidding officials.
Plaintiff's sole legal claim is that the defendant's actions in rejecting one bid, accepting another, rejection of all bids and rebidding the project[2] are proof of the defect of the "very object and integrity of the bidding process". What the court sees, at worst for defendant, is some confusion, possibly some ineptitude, some erroneous contract interpretations, none of which the court finds as fact.
Under C.G.S. § 4b-94 the awarding authority reserves the "right to reject any or all such general bids, if . . . (4) the awarding authority finds cause to reject such bids." This section is included in Chapter 60 of the Connecticut General Statutes. CT Page 6162
The defendant builds its defense on the fact that its authority comes not from Chapter 60 but rather from P.A. 98-176. Under § 3(d) of that act the commissioner may select a developer for the Rice Heights project to carry out all or a part of the development "on a competitive basis." The language does not mandate bidding.
Under § 3(h) of that act it states that notwithstanding "the provisions of chapters 59 and 60 of the general statutes and subject to all other provisions of the general statutes, the commissioner may . . . do all things necessary to carry out the provisions of the section. . . . Under section 3(b) of the act those necessary things include his authority to plan for and carry out the demolition or renovation of existing buildings on Rice Heights property, or the construction there of new buildings.
The plaintiff also cites for the court the regulations based on C.G.S. Chapter 60 but those are directed at the commissioner of public works who is not a party here.
In addition, . . . "[i]t is axiomatic that when events have occurred that preclude [a] court from granting any practical relief through a disposition on the merits, the case is moot and must be dismissed for lack of subject matter jurisdiction."Blesso Fire Systems, Inc. v. Eastern Connecticut StateUniversity, 245 Conn. 252, 256.
In our case, as distinguished from Spiniello Construction Co.v. Manchester, supra, there is no outstanding bond that might prevent mootness.
Motion to dismiss is granted.
N. O'Neill, J.