[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS
Plaintiff brings this injunction action by amended complaint. Each defendant moves to dismiss.
 Facts
On February 26, 1999 the defendant Commissioner of Department of Economics and Community Development (Commissioner) accepted bids for the demolition of a housing project known as Rice Heights located in Hartford, Connecticut (Project). The Commissioner reviewed the entire bid process and rejected all bids. The Commissioner then asked for new bids for the Project.
These were received June 2, 1999. The defendant Associated Building Wreckers, Inc. (Associated) was the low bidder. Plaintiff was the third lowest bidder.
Between July 9 and July 14, 1999 the Commissioner awarded the contract to Associated and executed the same.
Some discovery has been done in this action.
Relevant Allegations of Complaint
Bestech informed the Commissioner of various errors, omissions, misrepresentations and false statements in Associated's bid submission. Bestech's bid submission was accurate, complete and responsive to the bid solicitation in all CT Page 11903 respects.
Associated's bid form falsely stated in response to Paragraph 13 of the Bidder's Qualification Statement (Bid Document 00404), which was incorporated into the Bid Form for the Project, that there had been no "legal or administrative proceedings pending or concluded adversely within the last five years." To the contrary, Associated had, on information and belief, been fined several times during the last five years by the Massachusetts Department of Environmental Protection.
Additionally, Associated's bid form falsely stated in response to Paragraph 14 of the Bidder's Qualification Statement that it had not been cited for "serious violations of any Occupational Safety and Health Act (OSHA) . . . during the three year period preceding the Bid . . ." To the contrary, Associated had, on information and belief, been cited at least once during the last three years by OSHA for serious violations.
The failure to include accurate, complete and truthful statements with regard to administrative proceedings and OSHA violations in response to Paragraphs 13 and 14 of the Bidder's Qualifications Statement is in direct violation of the Instructions to Bidders, the Objective Criteria for Evaluating Qualifications of Bidders and Connecticut General Statute § 31-5
7b which statute provides for civil penalties and a ban from bidding on public projects for anyone who "knowingly provides false information" concerning OSHA violations.
In addition to the failure to include accurate, complete and truthful statements with regard to administrative proceedings and OSHA violations, Associated's bid form is unresponsive and contains other serious omissions, including, but not necessarily limited to, the following:
 (a) Omission of information regarding the length of experience of its supervisory personnel in item 7 of Bid Document 00404;
 (b) Failure to provide proof of insurance in compliance with the insurance requirements of the Contract Documents in response to Bid Document 00410;
 (c) Omission of an Affirmative Action plan as referenced in Bid document 00405.
CT Page 11904 Bestech fully complied with the Invitation to Bidders, the Instructions to Bidders, the Objective Criteria for Evaluation Qualifications of Bidders and the Connecticut General Statutes.
As a result of DECD's failure to enforce its own bidding guidelines and rules and its failure to enforce applicable provisions of the Connecticut General Statutes, DECD has defeated and undermined the very object and integrity of the competitive bidding process and placed Bestech at competitive disadvantage.
 Mootness
The defendants claim that this action is moot because the contract has already been awarded and Associated has begun work on the project and they cite P.B. § 10-31(a)(1).
Although the complaint and argument in court easily allow the court to find that the contract was awarded to Associated the court has no evidence that work has begun on the Project However,Blesso Fire Services Systems. Inc. v. Eastern Connecticut StateUniversity, 245 Conn. 252, 256-257 states that after the award of a bid contract to another party the plaintiff case is moot. It says nothing of work being done. The supreme court sustained the trial court's dismissal based on the fact that there was a contract in place and not that any work had been done.
 Standing and Sovereign Immunity
"An unsuccessful bidder, has no legal or equitable right in the contract." Ardmore Construction Co. v. Freedman,191 Conn. 497, 502. Thus plaintiff has no standing simply based on being a bidder.
Although Uinisys Corporation v. Department of Labor,220 Conn. 689 reversed a dismissal in somewhat similar action, it relied on C.G.S. § 41-65. That statute is not pertinent in our case but we rather are bound by P.A. 98-176, Section 3(h) of which reads in pertinent part as follows:
(h) Notwithstanding the provisions of chapters 59 and 60 of the general statutes and subject to all other provisions of the general statutes, the commissioner may, within available appropriations, bond authorizations and bond fund consolidations, do all things necessary to carry out the provisions of this section, including, but not limited to, (1) entering CT Page 11905 into contracts and agreements for the provision of services, (2) securing federal funds or program participation.
Thus the Commissioner has very broad authority. This is emphasized in subsection 3(b) allowing him to "plan and carry out the demolition or renovation of the existing buildings" of the Project.
It is true that subsection 3(d) provides for his selecting a developer "on a competitive basis". But that is not pertinent in this matter because this contract is not for a developer and bids are not required.
The state here has no shield of sovereign immunity because the doctrine "does not bar suits against officials of the state who act in excess of their statutory authority" as is claimed here. Unisys Corporation v. Department of Labor, supra 697-698.
Action dismissed.
N. O'Neil, Judge CT Page 11906