[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS # 130.00
Subsequent to final judgment in this matter and the filing of the defendant's appeal, the plaintiffs filed an application for appointment of a receiver of rents pursuant to General Statutes § 52-504.[1] The defendant filed a motion to dismiss the application. While the defendant's motion to dismiss does not challenge the jurisdiction of this court,[2] the issue of this court's jurisdiction was raised during oral argument on the motion based upon the automatic stay of execution provisions in Practice Book § 61-11(a).
Practice Book § 61-11(a) states in relevant part: "Except CT Page 1509 where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause. . . ." While the present action is currently the subject of an appeal, "a receivership . . . does not itself `enforce or carry out the judgment.'" Hartford FederalSavings and Loan Association v. Tucker, 192 Conn. 1, 6-7,469 A.2d 778 (1984). Therefore, this court has jurisdiction to enforce a receivership during the appeal because it is not subject to the automatic stay provided in Practice Book §61-11. See Hartford Federal Savings and Loan Association v. Tucker,
supra, 7; see also O'Neill v. Kilduff, 81 Conn. 116, 123,70 A. 640 (1908).
Accordingly, this court will refer the motion for appointment of a receiver to the foreclosure short calendar.
So ordered,
KARAZIN, J.