[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO TERMINATE STAY AND MOTION FOR APPOINTMENT OF RECEIVER OF RENTS (#142)
 FACTS
The amended complaint, filed on January 26, 1999, alleges the following facts: On July 1, 1997, the plaintiff, LaSalle National Bank,[1] and the defendants, Winthrop C. Shook and Janice C. Shook,[2] signed a promissory note, in favor of the plaintiff, for the principal sum of $278,670.63, secured by a mortgage on 245 Boston Post Road, East Lyme, Connecticut. The defendants have not made any monthly payments on the mortgage since September 1, 1997. On January 8, 1999, the plaintiff commenced a foreclosure action against the defendants.
On March 9, 1999, the defendants filed an answer and three special defenses. The three special defenses assert: (1) the failure to provide the defendants with a monthly billing address or other means for making monthly payments on the mortgage, (2) an undue delay on the foreclosure of the mortgage (laches), and (3) an improper acceleration of the mortgage and note.
On July 13, 2000, the court, Martin, J., granted the plaintiff's motion for summary judgment on the ground that there is no genuine issue as to any material fact and that the plaintiff is entitled to judgment as a matter of law. The court, Hurley, J., entered a judgment of strict foreclosure, finding that the defendants owed $404,224.19 and setting the law day on November 6, 2000.
On October 10, 2000, the defendants filed an appeal from the judgment of strict foreclosure, claiming that the special defenses they asserted were legally cognizable. Pursuant to Practice Book § 61-11(a), the filing of that appeal automatically stayed the execution of the judgment of strict foreclosure and the law day, pending the resolution of the appeal by the Appellate Court.
On November 1, 2000, the plaintiff filed a motion to terminate the CT Page 4390 automatic stay of execution and a motion for the appointment of a rent receiver. On December 4, 2000, the defendants filed a memorandum in opposition to the motion to terminate the stay and the plaintiff's motion to appoint a receiver of rents. On December 4, 2000, the parties argued the motions at short calendar.
 DISCUSSION
A. Termination of Stay
Practice Book § 61-11(a) provides that: "Except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause. . . ." Practice Book §61-11(c) provides that: "If the judge who tried the case is of the opinion that (1) an extension to appeal is sought, or the appeal is taken only for delay or (2) the due administration of justice so requires, the judge may at any time, upon motion and hearing or sua sponte, order that the stay be terminated."
"It is within the trial court's discretion to determine whether due administration of justice warrants the termination of a stay of execution. . . . of consequence is the fact that a stay of execution denies a party successful on the underlying judgment the immediate fruits of victory." North American Bank Trust v. Sulton Realty, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 292441 (April 25, 1995, Thim, J.) "Principles pertinent to the due administration of justice include: (1) the likelihood that the defendant will prevail on appeal (2) the irreparability of the injury to be suffered from the execution of the judgment; (3) the effect of the stay upon the other parties to the proceedings; and (4) the public interest involved." (Internal quotation marks omitted.) Pospsil v. Pospsil, Superior Court, judicial district of Tolland at Rockville, Docket No. 054011 (February 26, 1999, Zarella, J.).
The plaintiff argues that the court should grant its motion to terminate the stay because it is unlikely that the defendants will prevail on their appeal and, therefore, the due administration of justice requires that the court terminate the stay so that the plaintiff may enter into possession of the premises to protect its monetary interest. The plaintiff also argues that it is inequitable to allow the defendants to continue to profit, by collecting rents from the property, when they are unlikely to prevail on appeal, because there is inadequate security in the property to secure the amount of the debt owed to the plaintiff. The plaintiff argues, finally, that because the defendants have made no CT Page 4391 payments to the plaintiff, the amount of the debt the defendants owe will continue to grow during the pendency of the appeal, so it is inequitable to allow the defendants to benefit from the delay.
The defendants argue that the due administration of justice requires that the plaintiff's motion to terminate the stay be denied. In support of this argument, the defendants claim that their appeal is not frivolous. The defendants further argue that, if the court allows the plaintiff's motion to terminate the stay, they will be irreparably harmed because they will effectively lose all of their interest in the property on the new law day.
There is no evidence, however, that the appeal is frivolous. An action is frivolous "if the client desires to have the action taken primarily for the purpose of harassing or maliciously injuring a person or if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law." Texaco,Inc. v. Golart, 206 Conn. 454, 464, 538 A.2d 1017 (1988). That is not the case here.
Under the second factor of the test, the court finds that the defendant will suffer irreparable harm, that is, imminent dispossession of their premises if the stay is terminated. On the other hand, the plaintiff is not faced with irreparable harm because of the stay, the plaintiff is simply delayed in enjoying the fruits of victory. There is no evidence that the plaintiff will be irreparably harmed by the delay.
Because the balancing test weighs in favor of the defendants' argument, the court denies the motion to terminate the stay of execution.
 B. Appointment of Receiver of Rents
"In accordance with Connecticut General Statutes § 52-504,[3] the Supreme Court has held that an application for a receiver is within the sound legal discretion of the court. Chatfield Co. v. Coffey Laundries,Inc., 111 Conn. 497, 501 (1930). However, the Supreme Court has further recognized that the appointment of a receiver is a drastic remedy. Masothv. Central Bus Corp., 104 Conn. 683, 695 (1926)." Shorrock v. Law, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 151339 (November 13, 1996, Karazin, J.). "It is not the office of a court of equity to appoint receivers as a mode of granting ultimate relief. They are appointed as a measure ancillary to the enforcement of some recognized equitable right." Hartford Federal Savings Loan Assn.v. Tucker, 196 Conn. 172, 175, 491 A.2d 1084, cert. denied, 474 U.S. 920, CT Page 4392106 S.Ct. 250, 88 L.Ed.2d 258 (1985).
"The object of appointing receivers is to secure the property in dispute from waste or loss." Id. "The purpose of an appointment of a receiver of rents is to minimize the risk of less than full recovery of plaintiff's debt. . . . Factors to consider include a certain deficiency, or a threatened one, as when prior encumbrances are accruing interest or the property's condition is rapidly deteriorating." (Citations omitted; internal quotation marks omitted.) Elstein v. Attick, Superior Court, judicial district of Danbury at Danbury, Docket No. 303506, (June 2, 1993, McGrath, J.) (8 C.S.C.R. 699), citing D. Caron, Connecticut Foreclosures, § 10.01 (1989). Generally, the appointment of a receiver is justified if the security is insufficient to support the debt or if the "assets to which it would naturally look for payment may be wasted or lost during protracted litigation." Hartford Federal Savings Loan Assn. v. Tucker, supra, 196 Conn. 175.
The plaintiff argues that it is entitled to the appointment of a receiver of rents because the language of the mortgage document[4]
states that the plaintiff has the right to have a receiver appointed in the event of a default. The plaintiff also argues that a receiver should be appointed because a deficiency balance continues to grow on the property.[5] Lastly, the plaintiff argues that equitable principles require the appointment of a receiver because, although the defendants continue to collect rent on the property, the defendants have not made any payments to the plaintiff on the underlying note and mortgage or the interest that is accruing on the debt.
In opposition to the motion, the defendants argue that the provisions of the mortgage, regarding the appointment of a receiver of rents, are not dispositive of whether the court should appoint a receiver, but just a factor to be considered.[6] The defendants also argue that the plaintiff has not alleged that they are committing waste on the property or otherwise mismanaging the property by failing to pay property taxes or failing to maintain the property.
As a procedural matter, the court first notes that its denial of the motion to terminate the stay does not prevent the court from granting the plaintiff's motion to appoint a receiver of rents. Our Supreme Court has stated that "a receivership more closely resembles a prejudgment order than a proceeding enforcing a judgment. Prejudgement orders are, by virtue of General Statutes [§ 52-278/] (c), not stayed by the taking of an appeal except upon the order of the judge" who granted the prejudgment remedy. (Internal quotation marks omitted.) Hartford FederalSavings Loan Assn v. Tucker, 192 Conn. 1, 7, 469 A.2d 778 (1984). InFedor v. Taylor, Superior Court, judicial district of Stamford-Norwalk at CT Page 4393 Stamford, Docket No. 163373 (February 1, 2000, Karazin, J.), the court interpreted this statement by the Supreme Court to mean that the "court has jurisdiction to enforce a receivership during the appeal because it is not subject to the automatic stay provided in Practice Book §61-11." (Internal quotation marks omitted.) Id.
When determining whether to appoint a receiver of rents for a property, the court may look at a number of factors. These factors include: (1) Whether waste or loss is occurring because the defendant is failing to properly maintain or pay taxes on the property. HartfordFederal Savings and Loan Association v. Tucker, supra, 196 Conn. 175; (2) The risk to the foreclosing party that he will recover less than the full amount of his debt and whether the deficiency is certain or only threatened. Prudential Ins. Co. of America v. Calabrese, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 127550 (August 11, 1995, Pellegrino, J.); and, (3) Whether there is a provision in a mortgage deed which allows for the appointment of a receiver in the event of the mortgagor's default. See Jewett City Savings Bank v. WeissSuperior Court, judicial district of Windham at Windham, Docket No. 053937 (November 21, 1996, Sferrazza, J.) (holding that where the mortgage deed permits the appointment of a receiver and there is likely a deficiency after foreclosure, the court may grant a motion to appoint a receiver).
The third factor of the test weighs against granting the plaintiff's motion. There is no evidence which suggests that the defendants have committed waste on the property, failed to maintain the property, or failed to make tax payments on the property.[7]
While two of the factors of the test, the risk that the plaintiff will not recover the full amount of the debt, and the fact of a mortgage clause that provides for an appointment of a receiver, they are outweighed by the third consideration which is that there is no evidence that the defendants have committed waste on the property, failed to maintain the property or failed to pay the taxes.
The only real loss to the plaintiff is that the debt will increase during the appeal period. There is no evidence as to whether the value of the property will increase or decrease.
While the mortgage deed and the collateral assignment authorize the collection of rents, that alone is not dispositive of the motion. The loan documents are only factors to consider. FDIC v. Main StreetProperties, 2 Conn. L. Rptr. 234 (1990) (Spear, J.). In New ConnecticutBank and Trust Company v. 20 Sissor Street, 5 Conn. L. Rptr. 531 (1992),1993 WL 498758 (Conn.Super., Berger, J., 1993) supra. CT Page 4394
 "A receivership is a drastic remedy. It takes control of the property from the defendant owner and vests it in an outsider who is likely not to manage it as effectively and economically as the owner. A receivership is likely to cause tenants to move, and to adversely affect the owner's chances of refinancing the property." FDIC, supra, p. 236.
In addition, the court must also consider the cost inherent in the appointment of a receiver of rent and the effect such cost would have both on the property and on the defendants.
The court, therefore, finds that there would be a severe detriment to the defendants if a receiver were appointed. On the other hand, the only loss to the plaintiff would be the accrual of interest over the appeal period.
 CONCLUSION
The plaintiff's motion to terminate the stay of execution is hereby denied.
The plaintiff's motion for the appointment of a receiver of rents is hereby denied.
D. Micael Hurley, Judge Trial Referee