CRAWLEY, Judge.
On January 24, 2003, James McConico, Jr., an inmate incarcerated in Holman Correctional Facility (“Holman”), sued Officer Brandon Carroll, a correctional officer at Holman, in the Escambia District Court, seeking $37.50 in damages for Officer Carroll’s allegedly negligent damaging of McConico’s radio headphones and food items during a cell transfer on December 20, 2002. Officer Carroll moved for a summary judgment and McConico responded; the summary-judgment motion was never ruled on by the district court. The district court, however, entered a judgment on May 8, 2003, dismissing the case for lack of prosecution when McConico failed to appear at trial.
On May 9, 2003, McConico appealed the district court’s dismissal to the Escambia Circuit Court for a trial de novo. ■ McConi-co moved for a summary judgment on July 7, 2003; that motion was never ruled on by the circuit court. McConico also filed both a motion to amend his complaipt and an amended complaint on July 7,. 2003. He added as defendants Donal Campbell, Commissioner of the Alabama Department of Corrections, and Grant Culliver, Warden of Holman Correctional Facility, both of whom he alleged had negligently trained Officer Carroll concerning Officer Carroll’s duty to transfer an inmate’s property during a cell transfer. The circuit court noted on the case action summary sheet’ that no action was necessary on McConico’s motion to add defendants and amend his complaint. See Rule 15(a), Ala. R. Civ. P. (“[A] party may amend a pleading without leave of court ... at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires.”). The amended complaint was served on Culliver on July 21, 2003. The record does not'indicate that service was ever attempted on Campbell.
On July 16, 2003, Officer Carroll again filed a motion for a summary judgment, alleging that McConico’s complaint failed to state a claim and that Officer Carroll was entitled to State-agent immunity. Officer Carroll attached his own affidavit to the motion. His affidavit, stated, in. essence, that, although he was present when McConico was transferred to a cell in the segregation unit, Officer Carroll did not handle any of McConico’s property. McConico responded to the summary-judgment motion and filed his own affidavit, an affidavit of a fellow inmate, and an inventory sheet indicating the property possessed by him on the date of the alleged incident.
The circuit court entered a summary judgment for Officer Carroll on August 12, 2003, indicating on the case action summary sheet that the summary judgment was entered for the reasons stated in the motion. The circuit court also stated in its order that “all other pending motions are moot” and that the “motion to add defendants is denied as it is now moot.” McConico appeals. We dismiss the appeal as not being taken from a final judgment.
As noted above, McConico amended his complaint to add two additional defendants, Culliver and Campbell, and an additional count relating to those defendants. The record reflects that Culliver was served before the entry of the summary judgment. Although the circuit *330 court purported to deny McConico’s motion to add defendants “as moot” on the date it entered the summary judgment, its earlier notation on the case action summary sheet indicating that no ruling on McConico’s motion was necessary was correct and McConico’s amended complaint was proper. Therefore, the claim against the added defendant Culliver is unresolved and remains pending in the circuit court.
An appeal ordinarily lies only from the entry of a final judgment. Ala. Code 1975, § 12-22-2; Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990). A judgment is generally not final unless all claims, or the rights or liabilities of all parties, have been decided. Ex parte Harris, 506 So.2d 1003, 1004 (Ala.Civ.App.1987). The only exception to this rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. Bean, 557 So.2d at 1253. Accordingly, because the judgment does not resolve all the issues or determine the rights and liabilities of all the parties and because the record does not contain a Rule 54(b) certification, the judgment is not final and will not support an appeal.
APPEAL DISMISSED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.