U.S. BANK NATIONAL ASSOCIATION, TRUSTEE
*v.* MICHAEL J. IAQUESSA ET AL.
(AC 32701)

Gruendel, Robinson and Borden, Js.

Argued November 14, 2011—officially released January 3, 2012

*Howard I. Gemeiner*, for the appellants (named defendant et al.).

*Andrew P. Barsom*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendants Michael J. Iaquessa and Diane P. Iaquessa[1] appeal from the judgment of the trial court approving the committee's sale of certain real property in Branford. Their sole claim is that the court violated their right to due process in so doing. We affirm the judgment of the trial court.

---

[1] Also named as defendants were New Haven Radiology Associates, P.C., Bank of America National Association and Roberta Napolitano, trustee of the bankruptcy estate of Michael J. Iaquessa et al. Because only Michael J. Iaquessa and Diane P. Iaquessa have appealed, we refer to them as the defendants in this opinion.

The pertinent facts underlying this appeal require little discussion. Suffice it to say that the defendants defaulted on a promissory note secured by a mortgage on real property known as 56 Home Place in Branford (property) that at all relevant times was held by the plaintiff, U.S. Bank National Association as Trustee for RALI 2006QS2. The plaintiff commenced a foreclosure action and, following the entry of a judgment of foreclosure by sale, the property ultimately was sold on August 14, 2010. The court thereafter approved the committee's sale of the property, and this appeal followed.

On appeal, the defendants contend that in approving the committee's sale of the property, the court violated their right to due process. That claim never was presented to the trial court and, hence, is unpreserved.

It is fundamental that claims of error must be distinctly raised and decided in the trial court. As a result, Connecticut appellate courts "will not address issues not decided by the trial court." *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 52, 717 A.2d 77 (1998); see also *State* v. *Hampton*, 293 Conn. 435, 442, 988 A.2d 167 (2009) (case law and rules of practice generally limit review to issues distinctly raised at trial); *Crest Pontiac Cadillac, Inc.* v. *Hadley*, 239 Conn. 437, 444 n.10, 685 A.2d 670 (1996) (claims neither addressed nor decided by trial court not properly before appellate tribunal); *State* v. *Miller*, 186 Conn. 654, 658, 443 A.2d 906 (1982) ("[o]nly in the most exceptional circumstances will this court consider even a constitutional claim not properly raised and decided in the trial court"). Similarly, Practice Book § 60-5 provides in relevant part that our appellate courts "shall not be bound to consider a claim unless it was distinctly raised at the trial . . . ." That requirement "means that it must be so stated as to bring to the attention of the court the *precise* matter on which its decision is being asked. . . . *Woodruff* v. *Butler*, 75

Conn. 679, 682, 55 A. 167 (1903)." (Emphasis in original; internal quotation marks omitted.) *State* v. *Carter*, 198 Conn. 386, 396, 503 A.2d 576 (1986). As our Supreme Court has explained, "[t]he reason for the rule is obvious: to permit a party to raise a claim on appeal that has not been raised at trial—after it is too late for the trial court or the opposing party to address the claim— would encourage trial by ambuscade, which is unfair to both the trial court and the opposing party." (Internal quotation marks omitted.) *State* v. *Dalzell*, 282 Conn. 709, 720, 924 A.2d 809 (2007).

It is undisputed that the defendants did not meet that requirement. The defendants further did not affirmatively request review of their unpreserved due process claim pursuant to *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989), in their principal appellate brief. See *State* v. *Cutler*, 293 Conn. 303, 324, 977 A.2d 209 (2009) (party obligated affirmatively to request review under *Golding*). Although they later invoked *Golding* in their reply brief, it is well settled that *Golding* cannot be raised for the first time by way of reply brief. See *State* v. *McKenzie-Adams*, 281 Conn. 486, 533 n.23, 915 A.2d 822 ("a party may seek to prevail on unpreserved claims . . . if the claims are constitutional in nature, under *Golding*, if the party affirmatively requests and adequately briefs his entitlement to such review in his main brief" [citation omitted]), cert. denied, 552 U.S. 888, 128 S. Ct. 248, 169 L. Ed. 2d 148 (2007); *Lebron* v. *Commissioner of Correction*, 274 Conn. 507, 532, 876 A.2d 1178 (2005) (declining to review constitutional claims under *Golding* because habeas petitioner had not briefed entitlement to *Golding* until he filed reply brief); *State* v. *Garvin*, 242 Conn. 296, 312, 699 A.2d 921 (1997) ("[t]he reply brief is not the proper vehicle in which to provide this court with the basis for our review under [*Golding*] analysis" [internal quotation marks omitted]); *Embalmers' Supply Co.* v. *Giannitti*,

103 Conn. App. 20, 61, 929 A.2d 729 (court will not consider request for *Golding* review raised for first time in reply brief), cert. denied, 284 Conn. 931, 934 A.2d 246 (2007). Moreover, that reply brief contains no analysis whatsoever of the third prong of *Golding*, as the defendants argue neither that the alleged constitutional violation clearly exists nor that it clearly deprived them of a fair trial. Accordingly, we decline to consider the merits of the defendants' unpreserved claim.

The judgment is affirmed.