N.D.R. LIUZZI, INC., ET AL. *v.* LIGHTHOUSE
LITHO, LLC
(AC 34537)

Lavine, Keller and Bishop, Js.

Argued April 8—officially released August 6, 2013

*John M. Zullo*, for the appellants (plaintiffs).

*William F. Gallagher*, with whom, on the brief, were *Cheryl J. Wilcox* and *David E. Schancupp*, for the appellee (defendant).

*Opinion*

KELLER, J. The plaintiffs, N.D.R. Liuzzi, Inc., and Liuzzi Real Estate, Inc., appeal from the decision of the trial court granting the motion of the defendant, Lighthouse Litho, LLC, to hold the plaintiffs in civil contempt for their violation of an ex parte temporary injunction and its denial of the plaintiffs' motion to reargue that same decision. On appeal, the plaintiffs have raised several claims.[1] We do not reach the merits of any of these claims because the decisions from which the plaintiffs appeal are not appealable final judgments. Accordingly, we dismiss the plaintiffs' appeal.

The following undisputed facts and procedural history are relevant to our resolution of this appeal. The plaintiffs initiated this summary process action on September 16, 2011, seeking to recover from the defendant possession of their property located at 72 Rossotto Drive in Hamden (property). The plaintiffs alleged that they had entered into a written lease agreement with the defendant on March 1, 2006, in which the defendant

---

[1] The plaintiffs claim that the court erred in granting the defendant's motion for contempt because (1) the underlying injunction order was unclear and ambiguous, (2) the order violated the thirty-day expiration period set forth in Practice Book § 4-5 (b), (3) the plaintiffs did not wilfully violate the order and (4) the plaintiffs had inadequate notice of the order. The plaintiffs also claim that the court improperly denied their motion to reargue because they (1) had insufficient time to prepare a response to the defendant's motion for contempt and (2) were required to argue the motion for contempt despite their request to limit argument to their objection to the defendant's motion to quash execution.

agreed to lease the property from the plaintiffs for two years. The plaintiffs sought to recover possession of the property following the defendant's failure to pay rent and the termination of the leasing agreement by a lapse of time. On October 13, 2011, the parties entered into a stipulation in which they agreed that (1) judgment of possession would enter in favor of the plaintiffs with a stay of execution through November 24, 2011, (2) the defendant would pay $1500 for use and occupancy by November 13, 2011, and (3) the defendant would return the keys to the property and remove all of its equipment upon vacating. The court granted the parties' motion for judgment in accordance with the stipulation on the same day.

On November 28, 2011, the clerk of the court issued a summary process execution for possession. On December 22, 2011, the defendant filed a motion to quash execution in the nature of a writ of audita querela and an application for an ex parte temporary injunction pursuant to General Statutes § 52-471,[2] seeking to restrain the plaintiffs from executing on the judgment until the motion to quash execution was decided or "until further order from the court." The court granted the defendant's application for an ex parte temporary injunction on the same day. On January 5, 2012, the plaintiffs filed an objection to the motion to quash execution. On the same day, the parties entered into another written stipulation in which they agreed that (1) the defendant's writ of audita querela would go off but would not be withdrawn; (2) the defendant would make certain payments to the plaintiffs on January 13 and 23, 2012; (3) starting January 24, 2012, the defendant

---

[2] General Statutes § 52-471 (a) provides in relevant part: "Any judge of any court of equitable jurisdiction may, on motion, grant and enforce a writ of injunction, according to the course of proceedings in equity, in any action for equitable relief when the relief is properly demandable, returnable to any court, when the court is not in session. . . ."

would have thirty days of access to the property to remove all of its remaining belongings and personal effects; and (4) the defendant would completely vacate the property no later than February 23, 2012.

The defendant timely made the agreed upon January 13, 2012 payment, but failed to make the January 23, 2012 payment on time. In accordance with the terms of the January 5, 2012 stipulation, the plaintiffs, in response to the defendant's failure to make the payment, reclaimed their objection to the motion to quash execution.

On January 28, 2012, an agent for the plaintiffs removed some of the defendant's belongings from the property. On February 1, 2012, the defendant filed a motion for contempt of court alleging that the plaintiffs violated the court's December 22, 2011 ex parte temporary injunction order by removing the defendant's belongings from the property. On February 2, 2012, a hearing was held on the motion for contempt. When asked by the court whether he wished to proceed on the motion for contempt, plaintiffs' counsel replied in the affirmative and proceeded to address the merits of the motion. During the hearing, the plaintiffs did not claim that they lacked sufficient notice of the motion for contempt or that they were unable to prepare a sufficient defense to the motion. Plaintiffs' counsel also stated that he believed the court's ruling on the plaintiffs' motion to quash execution "may render moot . . . the motion for contempt and the emergency motion for access."

After concluding that the plaintiffs wilfully had violated the temporary injunction order, the court granted the motion for contempt on February 2, 2012, but stated that the "issue of penalties and of plaintiffs' ability to purge the contempt will be decided on a later date." On February 7, 2012, the plaintiffs filed a motion to

reargue the court's ruling on the motion for contempt. The defendant's motion to quash execution and the plaintiffs' corresponding objection were argued on April 19, 2012, but the court did not render a decision on the motion prior to the filing of this appeal. During the same hearing, the court denied the plaintiffs' motion to reargue the motion for contempt and also explicitly postponed its decision regarding the plaintiffs' ability to purge the contempt. On April 23, 2012, the plaintiffs filed the present appeal from the denial of their motion to reargue and the decision of the court granting the defendant's motion for contempt. Subsequently, on May 4, 2012, the defendant filed a motion to dismiss the appeal, claiming that the court's decision on the motion for contempt was not a final judgment. On June 27, 2012, this court denied the motion to dismiss without prejudice, inviting the parties to address the final judgment issue on the merits in their respective appellate briefs. Additional facts will be set forth as necessary.

I

We first address the plaintiffs' claims challenging the decision of the court granting the defendant's motion for contempt. The defendant argues that plaintiffs' appeal should be dismissed insofar as it relates to the contempt finding because the finding was not an appealable final judgment. The plaintiffs claim that the contempt finding was a final judgment for purposes of appeal under General Statutes § 52-400d (a).[3] We agree with the defendant and, accordingly, dismiss the appeal insofar as it relates to the contempt finding.

"The lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an

_____

[3] General Statutes § 52-400d (a) provides: "Any court decision on a determination of interest in property under section 52-356c, or on an exemption claim, or on a contempt proceeding, or on any stay ordered pursuant to an installment payment order, shall be a final decision for the purpose of appeal."

appeal. . . . The jurisdiction of the appellate courts is restricted to appeals from judgments that are final. General Statutes §§ 51-197a and 52-263; Practice Book § [61-1]. . . . The appellate courts have a duty to dismiss, even on [their] own initiative, any appeal that [they lack] jurisdiction to hear. . . . In some instances, however, it is unclear whether an order is an appealable final judgment. In the gray area between judgments which are undoubtedly final and others that are clearly interlocutory . . . [our Supreme Court] has adopted the following test, applicable to both criminal and civil proceedings: An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them. *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983)." (Citation omitted; internal quotation marks omitted.) *Khan* v. *Hillyer*, 306 Conn. 205, 209–10, 49 A.3d 996 (2012). "[A] contempt order is considered final for appellate purposes when the order so substantially resolves the rights and duties of the parties that further proceedings relating *to the judgment of contempt* cannot affect them." (Emphasis in original; internal quotation marks omitted.) Id., 216. "[A] civil contempt order requiring the contemnor to incur a cost or take specific action . . . satisfies the second prong of *Curcio* and, therefore constitutes an appealable final judgment." Id., 217.

Preliminarily, we find no merit in the plaintiffs' claim that the court's contempt finding in this case is an appealable final judgment under § 52-400d (a). On the basis of our examination of the text of the statute and its relationship to other statutes; General Statutes § 1-2z; we conclude that this statute has no bearing on the present type of action. This section is contained in

chapter 906 of the General Statutes entitled "Postjudgment Procedures" and was enacted as part of the Postjudgment Remedies Act, General Statutes § 52-350a et seq. This chapter governs various postjudgment procedures, including compliance orders, available to parties seeking to enforce a money judgment. See General Statutes § 52-350a (15) (defining "postjudgment procedure" as "any procedure commenced after rendition of a money judgment, seeking or otherwise involving . . . a compliance order"); General Statutes § 52-350a (13) (defining "money judgment" as "a judgment, order or decree of the court calling in whole or in part for the payment of a sum of money"). General Statutes § 52-350b (a) provides in relevant part: "Sections . . . [52-350a, et seq.] . . . and 52-400a to *52-400d*, inclusive, as amended or enacted by sections 1 to 27, inclusive, of public act 83-581 *apply to all postjudgment proceedings* commenced on or after July 14, 1983." (Emphasis added.) In light of the clear interrelation of § 52-400d with the other statutes located in the postjudgment procedure chapter, we interpret the language of § 52-400d (a), providing that "any court decision . . . on a contempt proceeding . . . shall be a final judgment for the purpose of appeal," as referring to those violations for which a court may commit a party for contempt *under that chapter.*

Here, the court found the plaintiffs in contempt for their violation of the ex parte temporary injunction it granted pursuant to § 52-471—a statute located in an entirely different chapter of the General Statutes—and not one of the violations specified in the postjudgment procedure chapter. The proceedings on the defendant's motion for contempt were not commenced to enforce a money judgment but, rather, were commenced to obtain an order of contempt against the plaintiffs for their violation of the equitable ex parte temporary injunction order restraining them from executing on

the judgment of possession. The proceedings on the motion for contempt, therefore, did not constitute a postjudgment procedure within the meaning of chapter 906. Cf. *New Haven* v. *God's Corner Church, Inc.*, 108 Conn. App. 134, 140, 948 A.2d 1035 (2008) (proceedings following equitable judgment of foreclosure by sale were not postjudgment procedure as defined by § 52-350a because judgment of foreclosure by sale was not money judgment). Accordingly, the court's contempt finding in this case is not the type of decision contemplated by § 52-400d.

We conclude that the court's civil contempt finding was not an appealable final judgment because it did not satisfy either prong of the *Curcio* test. The court found the plaintiffs to be in contempt after determining that they had wilfully violated the temporary injunction order but did not order the plaintiffs to incur a cost or take any specific coercive action as a consequence of its finding.[4] The finding was unaccompanied by any penalty, sanction or instruction from the court regarding the plaintiffs' ability to purge the contempt, and, in granting the defendant's motion for contempt, the court specifically stated that the "issue of penalties and of plaintiff's ability to purge the contempt will be *decided on a later date.*" (Emphasis added.) Therefore, the finding did not terminate a separate and distinct proceeding as a further hearing on the motion was required to

---

[4] The plaintiffs argue that the court's simultaneous order compelling them to provide the defendant with access to the property for purposes of inspection and its order requiring the plaintiffs to preserve the premises without removing or harming the possessions of the defendant remaining on the property until further order of the court constituted coercive orders because it caused them to lose rent or use and occupancy payments on the property. We find no merit in the plaintiff's argument because the court issued this order in conjunction with an entirely separate decision of the court granting the defendant's motion for emergency access and inspection to the property independently from its decision granting the defendant's motion for contempt. The order, therefore, did not flow from the court's finding of contempt.

address these outstanding issues.[5] Further, the contempt finding did not so resolve the rights and duties of the parties such that further proceedings relating to the contempt could not affect them because the imposition of penalties and any instructions regarding the purging of contempt in a subsequent hearing directly would affect the plaintiffs' rights. Therefore, the decision of the court granting the defendant's motion for contempt was not an appealable final judgment, and, accordingly, we dismiss the plaintiffs' appeal insofar as it relates to that decision.

## II

We now turn to the plaintiffs' claim that the court improperly denied its motion to reargue the court's ruling on the motion for contempt. Specifically, the plaintiffs argue that the court abused its discretion by denying their motion to reargue because they lacked sufficient time to prepare a response to the defendant's motion for contempt and were required to argue the motion for contempt despite their request to limit argument to their objection to the defendants' motion to quash execution. We conclude that the decision of the court denying the plaintiffs' motion to reargue the court's finding of contempt was not an appealable final judgment. Accordingly, we dismiss the remainder of the plaintiffs' appeal as it relates to the denial of the motion to reargue.[6]

[5] This is evinced further by the court's subsequent postponement of its decision on the issue of purging the contempt when it was raised at the April 19, 2012 hearing on the motion to quash execution.

[6] In addition, even were we not to dismiss this part of the plaintiffs' appeal on final judgment grounds, we would decline to review the merits of this claim because the plaintiffs have failed to preserve the claim for our review. See *U.S. Bank National Assn.* v. *Iaquessa*, 132 Conn. App. 812, 814, 34 A.3d 1005 (2012) (Connecticut appellate courts will not address issues not decided by trial court). The plaintiffs did not raise their claims regarding the denial of their motion to reargue before the trial court. At the hearing on the motion for contempt, plaintiffs' counsel did not raise any objection to proceeding on the motion after the court specifically asked if he wished to proceed. We disagree with the plaintiffs' assertion that they requested the court to limit

Neither this court nor our Supreme Court directly has addressed the issue of whether the denial of a motion to reargue an interlocutory finding of contempt prior to the issuance of any penalty is a final judgment for purposes of appeal. This court, however, previously has concluded that a party may not appeal the denial of a motion to open a default judgment before a hearing in damages has taken place because there was no final judgment at that time. *Blue Cross/Blue Shield of Connecticut, Inc.* v. *Gurski*, 49 Conn. App. 731, 733, 715 A.2d 819, cert. denied, 247 Conn. 920, 722 A.2d 809 (1998). "A judgment as to liability only, without a judgment for damages, is not an appealable final judgment." Id., 733. "Review of an interlocutory ruling must await an appeal from the final judgment . . . ." (Internal quotation marks omitted.) Id., 734.

We conclude that this same rationale applies to the denial of a motion to reargue an interlocutory finding of contempt and, therefore, precludes the plaintiffs' appeal from the denial of the motion to reargue the court's finding of contempt in this case. Because the decision of the court granting the defendant's motion for contempt was not a final judgment, the subsequent denial of the plaintiffs' motion to reargue that same decision before any hearing on penalties or the purging of contempt had occurred likewise was not an appealable final judgment. The denial of the motion to reargue

argument to their objection on the motion to quash execution. Contrary to the plaintiffs' characterization of events on appeal, their counsel's statement that the motion for contempt could be rendered moot by a favorable ruling for the plaintiffs on their motion to quash execution was insufficient to alert the court that they were unprepared or unable to defend against the motion for contempt. Their argument is further undermined by the fact that plaintiffs' counsel proceeded to argue the merits of their defense against the motion for contempt in the hearing. Further, the plaintiffs did not claim, in their motion to reargue or in the hearing on the same, that they lacked sufficient notice of the motion for contempt or that they were unable to prepare a sufficient defense to that motion. The plaintiffs, therefore, failed to preserve their claim for our review.

was itself interlocutory and did not alter the interlocutory nature of the underlying contempt finding as it neither terminated a separate and distinct proceeding nor so concluded the rights of the parties that further proceedings could not affect them. With regard to the latter issue, we observe that the issue of penalties and the purging of contempt had yet to be resolved. See *State* v. *Curcio*, supra, 191 Conn. 31. The court merely denied the plaintiffs' request to reargue the same interlocutory contempt finding, which, for the reasons set for in part I of this opinion, we have concluded was not immediately appealable. Because the decision of the court denying the motion to reargue the contempt finding was not an appealable final judgment, we dismiss the remainder of the plaintiffs' appeal as it relates to the denial of the motion to reargue.

The appeal is dismissed.

In this opinion the other judges concurred.